UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DESHAWN F.,[1]     Plaintiff,

v.     Civil Action No. 3:21-cv-631-RGJ-CHL

COMMISSIONER OF SOCIAL SECURITY,     Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Plaintiff Deshawn F. ("Claimant") filed this action seeking review of the denial of disabilities benefits and supplemental security income by Defendant Commissioner of Social Security ("Commissioner"). [DE 1]. The case was referred to United States Magistrate Judge Colin Lindsay ("Magistrate Judge") who issued Report and Recommendation ("R&R") that the Commissioner's decision be affirmed. [DE 21]. Claimant timely filed objections. [DE 22]. The Commissioner did not respond. This matter is ripe for adjudication. For the reasons below, the Court **OVERRULES** Claimant's Objections [DE 22], and **ACCEPTS** the Magistrate Judge's R&R without modification [DE 21].

**I.**     **BACKGROUND**

The R&R accurately sets forth the factual and procedural background of the case and is incorporated by reference. [DE 21 at 1449–51]. In sum, Claimant applied for supplemental security income alleging disability beginning on April 1, 2018. [DE 10 at 86]. Administrative Law Judge Stacey L. Foster ("the ALJ") conducted a hearing on Claimant's application. [DE 11 at 1377]. In a November 25, 2020 opinion, the ALJ engaged in the five-step sequential evaluation process and found:

---

[1] Pursuant to General Order 23-02, the Plaintiff is identified and referenced solely by first name and last initial.

1

> 1. The claimant has not engaged in substantial gainful activity since March 26, 2019, the application date.
>
> 2. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, myofascial pain syndrome, and bicipital tendinitis of the right shoulder.
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4. [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) (i.e., lifting and/or carrying 10 pounds occasionally and less than 10 pounds frequently, standing and/or walking (with normal breaks) for a total of about 2 hours in an 8-hour workday, sitting (with normal breaks) for a total of about 6 hours in an 8-hour workday, and pushing and/or pulling consistent with lifting and/or carrying) except, he can occasionally climb ramps and stairs, but never ladders, ropes or scaffolds. He can occasionally stoop, kneel, crouch and crawl. He should avoid concentrated exposure to vibration and hazards. He can only occasionally reach overhead with his right upper extremity.
>
> 5. The claimant is unable to perform any past relevant work.
>
> 6. The claimant . . . was 42 years old, which is defined as a younger individual age 18–44, on the date the application was filed.
>
> 7. The claimant has at least a high school education.
>
> 8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled.
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since March 26, 2019, the date the application was filed.

[*Id.* at 1382–91]. The ALJ concluded that Claimant was not disabled, and therefore, not entitled to benefits. [*Id.* at 1391]. Claimant requested an appeal to the Appeals Council, which declined review, and the ALJ's decision became final. [DE 10 at 35]. Claimant sued to obtain judicial

review of the Commissioner's decision. [DE 1]. Claimant made four objections to the ALJ evaluation: (1) the ALJ supported her determination of his Residual Function Capacity ("RFC")[2] by a selective reading of the record that rendered her decision unsupported by substantial evidence; (2) the ALJ erred in her determination of whether he was eligible for a closed period of disability; (3) the ALJ improperly evaluated his pain; and (4) the ALJ erred in her treatment of the opinions of consultative examiner Dr. Peter J. Urda ("Urda") and his treating orthopedic surgeon Dr. David Rouben ("Rouben"). [DE 14 at 1401–10]. Claimant argued that these errors caused additional errors at later steps. [*Id.* at 1411].

After reviewing the record and relevant law, the Magistrate Judge found that the ALJ's final decision was supported by substantial evidence and rejected Claimant's arguments. [DE 21]. Claimant now objects to the Magistrate Judge's findings in the R&R: (1) that the ALJ's RFC finding was supported by substantial evidence; (2) the ALJ did not err in her determination of whether Claimant was eligible for a closed period of disability; (3) the ALJ's pain assessment was without error; and (4) the ALJ's treatment of Urda and Rouben's opinions was without error [DE 22]. Claimant further contends that errors in his RFC findings caused additional errors in the ALJ's step five analysis. [*Id.* at 1479].

## II. DISCUSSION

### A. Standard of Review

Under 28 U.S.C. § 636(b)(1)(B), a district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of facts and recommendations for the disposition" of matters including review of the

---

[2] An ALJ's RFC finding is the ALJ's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a)(1), 404.1546(c), 416.945(a)(1), 416.946(c) (2021).

Commissioner's final decision on disability insurance benefits.  This Court must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations in original) (citation omitted).  A general objection that fails to identify specific factual or legal issues from the R&R is insufficient as it duplicates the magistrate judge's efforts and wastes judicial resources. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  After reviewing the evidence, the Court may accept, reject, or modify the proposed findings or recommendations of the magistrate.  *Id.*  The Court need not review, under a de novo or any other standard, those aspects of the report and recommendation to which no specific objection is made.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Rather, the Court may adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Id.* at 151.

### B.  Legal Objections

Claimant's objections to the R&R's findings are essentially identical to the arguments made in his initial challenge of the ALJ's findings.  [*Compare* DE 14 at 1471–72, 1476, 1478 *with* DE 22 at 1402, 1407].

An "objection . . . that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge." *Altyg v. Berryhill*, No. 16-11736, 2017 WL 4296604, at *1 (E.D. Mich. Sept. 28, 2017) (citing *Howard*, 932 F.2d at 509 ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.").  Therefore, Claimant's general objections

and recitation of the arguments made in his initial challenge to the ALJ's decision cannot qualify as objections. Thus, the Court need not review *de novo* the Magistrate Judge's R&R. *Ells v. Colvin*, No. 3:16-CV-00604-TBR, 2018 WL 1513674, at *2 (W.D. Ky. Mar. 27, 2018).

Despite this conclusion and out of an abundance of caution, the Court will consider the merits of Claimant's arguments. When the Court considers the merits and conducts a *de novo* review, the Court must "affirm the Commissioner's conclusions unless the Commissioner failed to apply the correct legal standard or made findings of fact that are unsupported by substantial evidence." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). "The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts." *Mackins v. Astrue*, 655 F. Supp. 2d 770, 775 (W.D. Ky. 2009) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, 173 F.3d 428 (6th Cir. 1999). In reviewing the case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Dep't of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

To determine whether an individual is entitled to disability benefits, an ALJ follows the process outlined in 20 C.F.R. § 404.1520. First, the ALJ considers whether the claimant has

substantial gainful employment. 20 C.F.R. § 404.1520(a)(4). Second, the ALJ considers whether the claimant has suffered from a severe medically determinable physical or mental impairment, or combination of impairments, for a certain duration. *Id.* Third, the ALJ considers whether the impairments meet or equal one of the specific medical disorders listed in the regulations. *Id.* Fourth, the ALJ assesses the claimant's RFC and past relevant work. *Id.* Fifth, the ALJ determines whether given the claimant's RFC, age, education, and work experiences, the individual can make certain adjustments to keep working. *Id.* While the claimant bears the burden of proof in establishing steps one through four, "the burden . . . shifts to the Commissioner at step five to 'identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.'" *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 576 (6th Cir. 2009) (quoting *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003)).

    *i. RFC Findings*

Claimant objects because the Magistrate Judge determined that the ALJ's decision falls within the zone of choice. [DE 22 at 1471]. He argues that ALJ did not carefully consider other information that contradicted the ALJ's conclusions. [*Id.* at 1472]. Claimant's argument mirrors his original objection. [*Compare* DE 22 at 1471–72 ("As argued by [Claimant] and demonstrated in his brief, the ALJ did not provide a narrative with citations to the record of her reasoning in rejecting evidence (omitting) that contradicts her conclusions[.]") *with* DE 14 at 1402 ("The ALJ does not provide a narrative with citations to the record of her reasoning in rejecting (omitting) evidence that contradicts—detracts from—her conclusions—she failed to resolve the contradictions.")].

6

It is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence supports the ALJ's decision and if the ALJ followed the applicable law. *Id.*

The ALJ followed the applicable law and made findings based on the record. [DE 11 at 1382–91]. In making her findings, the ALJ reviewed the record and referred to Claimant's own recitation of his limitations [*id.* at 1384], information provided by Ms. Wilson [*id.*], Claimant's medical records following his car accident [*id.*], Claimant's physical therapy records [*id.* at 1384–85], Claimant's pain management treatment [*id.* at 1385–86], Claimant's orthopedic records [*id.* at 1385–87], and Claimant's imaging records [*id.* at 1387–88]. The ALJ ultimately provided Claimant with an unfavorable decision. [*Id.* at 1377]. Upon review, the Magistrate Judge provided a detailed summary of Claimant's injuries and history of care with specific citations to the record. [DE 21 at 1454–61]. The Court does not duplicate the Magistrate Judge's effort here because Claimant's arguments are the same as those the Magistrate Judge considered and de novo review of such arguments or recitation of such facts would "make the original referral to the magistrate judge useless and would waste judicial resources." *Evans*, 2011 WL 13453, at *2 (citing *Howard*, 932 F.2d at 509).

Claimant has cited portions of the record that may contradict the ALJ's findings. [DE 22 at 1472–74]. Claimant argues that the Magistrate Judge and ALJ erroneously determined that surgery was no longer recommended for Claimant based on the record. [*Id.* at 1472–73]. However, Claimant's own selective citation to the same record is telling. Rouben's note, the document at issue, states

> I appreciate the fact that the facet ablations were rather dramatically able to ameliorate [Claimant's] symptoms to such a degree that I think he can avoid surgery because the only option for surgery in this gentleman would have been structural

7

>  stabilization L4 to the sacrum, which makes no sense at this point, at this juncture nor in the future, at least for right now as we see him today.

[DE 10 at 1311]. Rouben also noted that Claimant should go to physical therapy to learn "how to respect his body" and "be active within limits so that he does not cause a reoccurrence of stress and strain." [*Id.*]. Based on Rouben's note, the Magistrate Judge and ALJ could find that surgery was no longer recommended. Rouben did recommend updating Claimant's MRI for follow-up visits [*id*], but the note indicates that surgery was not recommended at that time.

Even though the ALJ's findings of fact and conclusions of law may not have contained direct citations, the evidence considered by the ALJ was substantial and based on the record as a whole. [DE 11 at 1382–91]. Even if there were conflicting evidence, this Court should not and will not reevaluate the ALJ's findings. The ALJ's findings fall within the zone that allows the decision maker to go either way without interference from the Court. *See Mackins*, 655 F. Supp. 2d at 775. The ALJ was also not required to discuss every piece of evidence offered by Claimant when making her findings. *Bailey*, 173 F.3d at 428. The Magistrate Judge did not err in finding that the ALJ's opinion was supported by substantial evidence. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012); *and Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 727 (6th Cir. 2013). *See also* 20 C.F.R. § 404.1527(c)(4), 416.927(c)(4).

    *ii. Closed Period of Disability*

Claimant objects because the Magistrate Judge determined that the ALJ's decision not to award a closed period of disability was supported by substantial evidence. [DE 22 at 1474]. Claimant argues that the basis for this objection was the ALJ's limited reliance on Rouben's opinion. [*Id.*]. The ALJ found that "there [was] nothing suggesting that [Claimant's] injuries resulted in limitations that precluded all work activity for a period of 12 continuous months." [DE 11 at 1386]. The Magistrate Judge provided a detailed analysis of the record regarding statements

8

from physicians who noted that Claimant must be off work. [DE 21 at 1461–63]. Although the ALJ need not discuss every aspect of the record or explain her findings at length, see *Bailey*, 173 F.3d at 428, the ALJ did discuss Rouben's opinion. The ALJ made a determination on Rouben's credibility and found that "there simply is nothing suggesting [Claimant] is as limited as Dr. Rouben reported." [DE 11 at 1389]. The Court cannot second-guess the ALJ's determination of Rouben's credibility when reviewing findings for substantial evidence. *See Cohen*, 964 F.2d at 528. The ALJ also referenced several medical records that supported her conclusion. [DE 11 at 1385–86]. The Court finds that the ALJ's decision not to award a closed period of disability was supported by substantial evidence. *See Cotton*, 2 F.3d at 695.

### *iii. Pain*

Claimant objects because the Magistrate Judge found that the ALJ's assessment of Claimant's pain was without error. [DE 22 at 1475]. In sum, Claimant's argument is that the ALJ did not consider evidence that contradicted her conclusion. [*Id.* at 1475–76]. The Court addressed this objection in Section II.B.i. The ALJ supported her decision by referencing multiple medical records and descriptions of Claimants' condition. [DE 11 at 1382–91]. The Magistrate Judge reviewed the ALJ's decisions and noted additional citations to the record. [DE 21 at 1454–61]. Although Claimant may cite contradictory evidence, the substantial evidence standard allows considerable latitude for administrative decision makers. *See Mackins*, 655 F. Supp. 2d at 775. The Court may not resolve conflicts in evidence as Claimant suggests. *See Cohen*, 964 F.2d at 528. Accordingly, the Court finds that the ALJ's decision about Claimant's pain is supported by substantial evidence. *See Cotton*, 2 F.3d at 695.

*iv. Opinion Evidence*

Claimant objects because the Magistrate Judge determined that the ALJ's treatment of Urda and Rouben's opinions was without error. [DE 22 at 1476]. He argues that there is no showing that the ALJ complied with the requirements of 20 C.F.R. § 416.920c when evaluating Urda and Rouben's opinions. [*Id.*].

An ALJ must "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)" in the record regardless of its source. 20 C.F.R. § 416.920c(a). Instead, an ALJ will evaluate the "persuasiveness" of a medical opinion by reference to the five factors listed in the regulation: supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 416.920c(a), (c).

First, the Magistrate Judge evaluated the ALJ's treatment of Urda's opinion. [DE 21 at 1466]. The Magistrate Judge found that the ALJ sufficiently discussed the regulatory factors under 20 C.F.R. § 416.920c and determined that Claimant failed to show any error in the ALJ's reliance on Urda's physical examination and opinion. [DE 21 at 1467]. Because Claimants arguments are the same as those considered by the Magistrate Judge, the Court does not duplicate the Magistrate Judge's analysis. [*Compare* DE 22 at 1476 ("The ALJ did not evaluate the consultative examiner's, Dr. Urda, opinion in accordance with 20 CFR § 416.920c.") *with* DE 14 at 1407 ("The ALJ's conclusion that the May 27, 2019 opinion of the consultative examiner, Dr. Urda, is persuasive because it is consistent with and supported by the record as a whole is not well founded.")]. *De novo* review of such arguments would "make the original referral to the magistrate judge useless and would waste judicial resources." *Evans*, 2011 WL 13453, at *2 (citing *Howard*, 932 F.2d at 509). As required by the regulation, see 20 C.F.R. § 416.920c(a), (b)(2), the ALJ explained that Urda's opinion was consistent with and supported by the record as a whole. [DE

10

11 at 1388–89]. Moreover, the opinion and consistent with Urda's other findings. [*Id.*]. Accordingly, the Court finds that the ALJ did not err in her treatment of Urda's opinion.

Next, the Magistrate Judge evaluated the ALJ's treatment of Rouben's opinion. [DE 21 at 1467]. The Magistrate Judge found that the ALJ's discussion of Rouben's opinion satisfied the procedural requirements of 20 C.F.R. § 416.920c. [*Id.* at 1468]. The Magistrate Judge also noted that Claimant's arguments were based on his own selective citation to the record. [*Id.*]. Claimant, again, reiterates the same arguments brought before the Magistrate Judge. [*Compare* DE 22 at 1478 ("Neither the ALJ nor Magistrate Judge explained their reasoning when Dr. Rouben's notes are taken as a whole.") *with* DE 14 at 1407 ("The ALJ's rejection of the treating surgeon's opinion is not supported by the record as a whole.")]. The Court's *de novo* review of Claimant's arguments would "make the original referral to the magistrate judge useless and would waste judicial resources." *Evans*, 2011 WL 13453, at *2 (citing *Howard*, 932 F.2d at 509). The ALJ explained that Rouben's "opinion is not persuasive because it is not consistent with or supported by the evidence, which reveals good response to treatment." [DE 11 at 1389]. Accordingly, the Court finds that the ALJ did not err in her treatment of Rouben's opinion.

The evidence considered by the ALJ was substantial and based on the record as a whole. And the Court agrees with the Magistrate Judge's conclusion that the ALJ's findings were supported by substantial evidence. [DE 21 at 1468–69]. The Court's will not to second-guess the ALJ's evidentiary determinations. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion."). The Court finds that the Magistrate Judge did not err in finding that the ALJ's opinion was supported by substantial evidence. *See Ulman*, 693 F.3d at 714; *and Rudd*, 531 F. App'x at 727.

*v. Step Five*

Claimant objects to the Magistrate Judge's R&R contending that errors in his RFC findings caused additional errors at the step five analysis. [DE 22 at 1479]. He argues that the hypotheticals posed to the vocational expert were not supported by substantial evidence because the RFC findings did not accurately portray Claimant's physical condition. [*Id.*]. Claimant contends that the ALJ erred in relying on a record that allowed for unlimited twisting and bending. [*Id.*].

At steps one through four of the ALJ's analysis, the burden is on the claimant. *Nejat*, 359 F. App'x at 576. At step five of the analysis, the burden shifts to the Commissioner. *Jones*, 336 F.3d at 474. At step five, the ALJ considers the claimant's RFC and his age, education, and work experience to determine whether the claimant may work. Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that the claimant can perform, then the claimant is not disabled. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *see also Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003) (describing five-step evaluation).

First, Claimant's contention that the ALJ relied on a medical record that allowed for "*unlimited* bending and twisting" is incorrect. [DE 22 at 1479 (emphasis added)]. The record states that Claimant "is capable of bending and twisting at the waist." [DE 10 at 423–24]. There is no evidence that the ALJ perceived Claimant's ability to bed as twist as "unlimited." Instead, the ALJ twice noted in her determination that Claimant suffered some pain when bending or twisting at the waist. [DE 11 at 1387–88]. The Court finds that the ALJ's determination about Claimant's RFC was supported by substantial evidence. *See Ulman*, 693 F.3d at 714.

At the hearing, the ALJ asked a vocational expert whether jobs existed in the national economy for individuals "with the claimant's age, education, work experience, and residual

functional capacity." [DE 11 at 1390]. In response, the "vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative sedentary, unskilled . . . occupations." [*Id.*]. These findings were accepted and incorporated into the ALJ's analysis. [*Id.* at 1390–91]. The Court finds no error in this testimony or analysis. Moreover, the Court held that the ALJ's determination of Claimant's RFC was supported by substantial evidence. The ALJ was not required to include additional limitations related to these capacities in her hypothetical questions to the vocational expert. *Hare v. Comm'r of Soc. Sec.*, 37 F. App'x 773, 776 (6th Cir. 2002); *see also Stanley v. Sec'y of Health & Hum. Servs.*, 39 F.3d 115, 118-19 (6th Cir. 1994) ("[T]he ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals."). The vocational expert's testimony constitutes substantial evidence to support the ALJ's step five determination. *See Bradford v. Sec'y Dep't. of Health & Hum. Servs.*, 803 F.2d 871, 874 (6th Cir. 1986) (per curiam).

## CONCLUSION

For the stated reasons,

**IT IS ORDERED** that Claimant's Objections, [DE 22], are **OVERRULED** as set forth herein; and

**IT IS FURTHER ORDERED** that the Report and Recommendation of the United States Magistrate Judge, [DE 21], is **ACCEPTED** without modification as the findings of fact and conclusions of law of this Court.

Rebecca Grady Jennings, District Judge
United States District Court

March 27, 2023

13